IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO GAS COMPANY,
PUBLIC SERVICE COMPANY OF NEW
MEXICO, and QWEST CORPORATION
d/b/a CENTURYLINK,

      Plaintiffs,

v.                                                 Civil No. 14-00188 WJ-KBM

BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, NEW
MEXICO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON**
**COUNT I OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

THIS MATTER comes before the Court on Defendant's Motion for Judgment on the Pleadings on Count I of Plaintiffs' Second Amended Complaint, filed September 16, 2014 (**Doc. 62**). Having reviewed the parties' pleadings and having researched the applicable law, the Court finds that Defendant's motion is well-taken and, accordingly, it is GRANTED.

**BACKGROUND**

This lawsuit concerns an ordinance and resolutions adopted by Defendant Board of County Commissioners of Bernalillo County ("Defendant") which require utilities with facilities and equipment in the public right-of-way of the unincorporated areas of Bernalillo County to execute a Right-of-Way Use Agreement with the County and, as part of such agreement, to pay a right-of-way use fee to compensate the County for its reasonable actual expenses incurred in connection with granting the right-of-way. Plaintiffs New Mexico Gas Company ("NMGC"), Public Service Company of New Mexico ("PNM") and CenturyLink (collectively, "Plaintiffs or

Utilities") filed this lawsuit to enjoin the County from enforcing the ordinance and related resolutions, seeking declaratory and injunctive relief.

The Court previously ruled on Plaintiffs' Motion for Judgment on the Pleadings on Count I under Fed.R.Civ.P. 12(c).  Count I of the Second Amended Complaint seeks a declaration by the Court that the County's Ordinance 2014-5 ("the Ordinance") is unconstitutionally vague and violates due process as enforced pursuant to 42 U.S.C. § 1983.  *See* Second Amended Complaint. (Doc. 48).[1]   In its Memorandum Opinion and Order, the Court 2014, the Court found that Plaintiffs' Rule 12(c) motion was not well-taken and denied it. The Court examined the language of Ordinance 2014-5 and each of the grounds for the constitutional challenge asserted by the Plaintiffs, and concluded as follows:

> In sum, the Court finds and concludes that Plaintiffs' challenge to the Ordinance in Count I has no merit. The Ordinance is essentially an economic regulation with sufficient information and specificity to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, and does not encourage arbitrary and discriminatory enforcement. The Court also finds and concludes that the Ordinance does not expand the criminal law in any way, given that the Utilities' authority to occupy public rights-of-way is subject to the regulation of county commissioners and local municipal authorities. Moreover, even if the Ordinance could be considered a penal statute, the Ordinance is not unconstitutionally vague. The criminal consequences are set forth precisely and specifically with ample notice to those who would be in violation of the Ordinance.

Doc. 60 (Mem. Op. & Order) at 12-13.   In the instant motion, Defendant requests that the Court enter judgment for Defendant on Count I, based on these previous findings by the Court.

## DISCUSSION

A law is "void for vagueness" if it does not clearly define its prohibitions.  *Doctor John's Inc. v. City of Roy,* 465 F.3d 1150, 1157 (10th Cir. 2006).   A provision is

---

[1] Count II seeks a declaration that the ordinance and resolutions violate 47 U.S.C. §253 and are preempted by the supremacy clause.  Count II is not at issue here, but it is the only remaining claim as a result of the Court's ruling on Defendant's Motion for Judgment on the Pleadings as to Count I.

unconstitutionally vague if it "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado,* 530 U.S. 703, 732 (2000); *see also Doctor John's Inc.,* 465 F.3d at 1158.  The degree to which the Constitution tolerates vagueness depends on: whether the regulation is strictly an economic regulation; whether the regulation provides for only civil penalties; whether, if the regulation provides for criminal penalties, the regulation contains a scienter requirement; and whether the law threatens to inhibit Constitutional protections. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498-99 (1982).

A "facial" vagueness challenge applies to everyone the statute or regulation purports to reach. 465 F.3d at 1150; *Doe v. City of Albuquerque,* 667 F.3d 1111, 1127 (10th Cir. 2012) (a successful facial attack means the statute is wholly invalid and cannot be applied to anyone). An "as applied" challenge applies to the vagueness of the statute or regulation as to the individual challenging it.  465 F.3d at 1150.  Plaintiffs claim that the Court's previous ruling does not entirely dispose of their vagueness claim in Count I because they had framed their challenge in their motion as a facial challenge, and thus their as-applied challenge survives the Court's ruling.  See Doc. 65 at 4.  The Court disagrees.  As Defendant notes, a facial challenge is more difficult to prove than an as-applied challenge, since to prevail on a facial challenge, "a party must show, at a minimum, that the challenged law would be vague in the vast majority of its applications; that is, that vagueness permeates the text of the law." *Doctor John's*, 465 F.3d at 1157.   An as-applied challenge, in contrast, applies to the vagueness of the statute or regulation as to the individual challenging it. *Id*.

Plaintiffs have aligned the facts in this case with others involving ordinances that provide *no* standards at all for enforcement. *See* Doc. 48 at 10, n.5 (contrasting instant case to *Dr. John's*

3

in which the Tenth Circuit concluded that a facial challenge was inappropriate because there clearly were situations in which a bookstore would know that it met ordinance standards). In this case, a facial challenge requires that Plaintiffs show that the annual fee requirement is vague in the vast majority of its applications, and the Court has already rejected that position. Plaintiffs seem to be suggesting that even though the Court concluded that the Ordinance would not be vague in the vast majority of its applications, nevertheless, it is vague when applied to them. However, they offer no explanation as to why the Ordinance would be vague as applied to them, but not in the majority of its applications.[2]

A motion filed under Federal Rule of Civil Procedure 12(c) is evaluated under the same standard applicable to motions filed under Rule 12(b)(6). *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). In considering the motion, the Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id*. Plaintiffs have attached materials outside the pleadings and have relied on them in their discussion, such as Defendant's answers to interrogatories and requests for production, and even a Declaration by a would-be expert on these economic issues related to telecommunications. *See* Doc. 65-3 (Ex. 3). While the Court may consider materials that are outside the pleadings under certain exceptional circumstances, *see* Rule 12(d), the Court finds that these exceptional circumstances do not exist here. If a court intends to rely on evidence outside the complaint, it must convert the Rule 12(b)(6) motion into a motion for summary judgment and give proper notice to the parties. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). A court may, in its discretion, decline to consider evidence offered by a party which is outside of the complaint and may decline to convert the motion into a motion for summary

---

[2] Also, in Plaintiffs earlier motion for judgment on the pleadings, they appear to reconcile the two challenges as indistinguishable in these circumstances. *See* Doc. 48 at 10 (". . . the narrow application of the challenged provision, and its lack of a governing standard, does not materially distinguish the facial challenge from an as-applied challenge").

4

judgment. *See Geras v. Int'l Bus. Mach. Corp.*, 638 F.3d 1311 (10th Cir. 2011) (holding that district courts are not required to consider evidence outside of the complaint even if the evidence is relevant to the claims in the complaint.). Here, the Court finds no need to convert the instant motion to one for summary judgment because the materials submitted by Plaintiff have no relevance to the constitutional vagueness question, which is whether the Ordinance "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado,* 530 U.S. 703, 732 (2000); *see also Doctor Johns, Inc.,* 465 F.3d at 1158.

**I.     Court's Previous Rulings Are Dispositive on Vagueness Challenge**

Plaintiffs contend that the Court must now accept Plaintiffs' allegations as true, just as the Court accepted Defendant's allegations as true in ruling on Plaintiffs' previous motion for judgment on the pleadings. Plaintiffs insist that in adopting this standard, the Court must deny the instant motion. This argument has a fine ring to it, but is inapplicable. As Defendant observes, Plaintiffs do not ask Court to rely on their allegations in the Second Amended Complaint, but on Defendant's discovery responses and the declaration of their expert.

The Court has already addressed and ruled on the questions relating to a vagueness challenge. For example, Plaintiffs allege that the Ordinance fails to express either the methodology by which fees may be assessed or the amount of fees to be assessed against any of the utilities. Sec. Am. Compl., Doc. 45, ¶ 42; and that the Ordinance does not identify any standards for assessing fees and by allowing the County to waive fees and unilaterally increase fees in the use agreement. ¶ 43. The Court concluded that these allegations failed from the start. At the "heart" of Plaintiff's argument was the lack of sufficient information in the Ordinance from which Plaintiffs could determine a use fee amount. Lack of such detailed information is not the kind of "conduct" that "must be well-defined to withstand a constitutional

challenge." *See* Doc. 60 (Mem. Op. & Order) at 5-6. Plaintiffs seek relief that is not available here: failure of the Ordinance to specify the exact amount of fees is not a constitutional requirement, under either a facial or an as-applied challenge.

In its previous Memorandum Opinion and Order, the Court determined that Plaintiff's allegations were shaky and would not secure judgment on the pleadings in their favor:

> The challenged lack of specific guidelines for fee amounts does not come within a constitutionally-proscribed vagueness. The Ordinance sets out to impose charges, by its express terms, to "compensate for all of the County's reasonable actual expenses incurred for use of County right-of-way." Ex. A (Ordinance) at 2, lines 7-10.

Doc. 60 at 6.  The Court further concluded that the Ordinance was not unconstitutionally vague in the omission of standards or methodology by which the fees would be determined:

> While a specific dollar amount is not contained in the Ordinance, the Ordinance states that the basis for the fees is the County's "reasonable actual expenses" in granting the rights-of-way. See, e.g., Qwest Corp. v. City of Santa Fe, Civil No. 10-0617 RB/KBM, slip op. at 17 (D.N.M. filed Dec.. 2, 2013) (addressing "costs to review permit application, issue permits," and mapping location of facilities).  Plaintiffs are adequately apprised of the reason for the fee imposition as well as the factors that would go into negotiating a certain amount. . . .
>
> In this case, Plaintiffs cannot say that the County unilaterally gets to decide whether a fee will be imposed, or that the amount is open-ended, unguided and unstructured. The Ordinance does not vest the sort of "virtually complete discretion" that has formed the basis for facial vagueness attacks. *See Kolender v. Lawson*, 461 U.S. 352, 358 (1983), cited in *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1158 (10th Cir. 2006). Here, the Utilities know that they will be paying a fee, and the amount will be guided by the parties' negotiations as well as by the County's "reasonable" costs incurred in permitting Utilities to access public rights-of-way.

Doc. 60 at 7.   Finally, the Court found no merit to Plaintiffs' characterization of the Ordinance as a penal statute and even assuming it was penal in nature, the Court found the Ordinance not to be unconstitutionally vague.  Doc. 60 at 11-13.

The Court's previous determinations were based on Plaintiffs' allegations squared with the language of the Ordinance itself.  Plaintiff's "what's-good-for-the-goose-is-good-for-the-

6

gander" argument is untenable because the Court did not, as Plaintiffs contend, rely on the Defendant's allegations in forming its conclusions. For example, the County did not include allegations in its Answer to Count I of the Second Amended Complaint that it had provided sufficient information to allow the determination of the exact amount of fees. *See* Doc. 46 (Answer). The Court did, however, consider Defendant's representations in its response to Plaintiff's motion for judgment on the pleadings that Defendant engaged in negotiations with Plaintiffs with regard to right-of-way use agreements, but this can hardly be considered an acceptance by the Court of *Defendant's* allegations. The Ordinance itself provides for a negotiation process between Plaintiffs and Defendant as part of the process in developing a right-of-way use agreement. *See* Doc. 31-1 at 4 (Sec. 5(B)). Moreover, Plaintiffs have attached some of this information relating to the negotiation process as attachments to their Second Amended Complaint. *See, e.g.*, Ex. D (County Financial Analysis Form and ¶¶52-54 of Sec. Am. Compl. (citing cost figures provided by the County for shortened road life due to utility cuts, improvement of unpaved roads, expenses associated with capital projects and operational expenses).

## II.     Plaintiff's Submitted Exhibits Are Irrelevant to the Vagueness Inquiry

Plaintiffs do not ask the Court to rely on its allegations, but on submitted exhibits. They claim that Defendant's answers to interrogatories demonstrate that the Defendant itself cannot explain a methodology because it has "retained the services of a consultant to further refine and develop [right-of-way] fee costs. . . ." Ex. 1. As further proof of Defendant's failure to identify a methodology for fee assessment, Plaintiffs point to the "abrupt" cancelation of depositions noticed by Plaintiffs because the Defendant had not yet determined which individuals would be appropriate Rule 39)b)(6) witnesses on the topics identified by Plaintiffs. Additionally, Plaintiffs contend that Defendant's own acknowledgement of the need for further

development of a factual record in response to Plaintiffs' Rule 12(c) motion precludes a dismissal of Count I at this point. Finally, Plaintiffs rely on testimony from their expert, Dr. William Fitzsimmons, an expert on economic issues related to telecommunications, to argue that Defendant's motion must be denied.

The Court need not consider any of the above materials because they are outside of the pleadings. However, even if the Court were to consider them, they are not relevant to a vagueness challenge. Defendant's retention on a consultant to further refine and develop right-of-way fee costs, as well as their suggestion that more discovery was necessary to develop a factual inquiry was for the purpose of assessing either the *amount* of the fee, or how much information the Plaintiffs have concerning the calculation of the fees. *See* Doc. 57 at 8 (resp. to Pltff's Mot. to Dismiss. Plaintiffs conflate their desire to know the specific *amount* of a use fee with adequate notice and opportunity to understand what the Ordinance prohibits, and to avoid arbitrary and discriminatory enforcement. The focus of a vagueness inquiry is on whether Plaintiffs have been provided adequate information and notice so that they understand what conduct is prohibited and how the amount of the use fee will be calculated so as to avoid arbitrary and discriminatory enforcement—not so that they can determine an exact dollar amount of the fee. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) (when civil economic regulations are challenged as vague, the question presented is whether the law gives "the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."); *see also See Maynard v. Cartwright,* 486 U.S. 356, 361 (1988) ("Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk").

In its Memorandum Opinion and Order denying Plaintiff's earlier motion for judgment on the pleadings, the Court found that the Ordinance stated that the basis for the fees is the

County's "reasonable actual expenses" in granting the rights-of-way. Doc. 60 at 7. In its answers to Plaintiffs' discovery requests, Defendant identified several categories of expenses that it contends are appropriate to use in calculating the use fee, such as: construction, maintenance and administration costs, and costs for the permitting process and auditing. Doc. 65-1, Ex. 1, Resp. to Interrog. 6 & 8. Defendant also provided materials supporting those responses. Ex. 1, Resp. to Request for Proc. 5 & 6. The Court finds that this information sufficiently informs the Plaintiffs regarding how the Defendant intends to arrive at an amount for a use fee. Plaintiffs decry the minimal detail provided by the Defendant, but more detail is not constitutionally required. Moreover, as Defendant observes and the Court has already noted, it is "not practical for the County for set forth a specific dollar figure in the Ordinance itself, as the County's actual expenses change over time." Doc. 60 at 8.

The Court previously concluded that the Ordinance does not vest virtual "complete discretion" of the kind that is typical for facial vagueness attacks:

> In this case, Plaintiffs cannot say that the County unilaterally gets to decide whether a fee will be imposed, or that the amount is open-ended, unguided and unstructured. The Ordinance does not vest the sort of "virtually complete discretion" that has formed the basis for facial vagueness attacks. *See Kolender v. Lawson,* 461 U.S. 352, 358 (1983), cited in *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1158 (10th Cir. 2006). Here, the Utilities know that they will be paying a fee, and the amount will be guided by the parties' negotiations as well as by the County's "reasonable" costs incurred in permitting Utilities to access public rights-of-way.

Doc. 60 at 8. The Court also found that as a result of their participation in negotiations between the parties, Plaintiffs already possess considerable information about the sources and amounts of actual expenses associated with the providing and maintenance of the rights-or-ways, and thus cannot claim that they are burdened by an ordinance that lacks standards or methodology for determining a fee. Doc. 60 at 9.

Plaintiffs cite to other instances which demonstrate the Defendant's failure to supply them with adequate information, such as Defendant's cancelation of the deposition of a 30(b)(6) witness who was supposed to testify on matters concerning calculation of the County's costs and determination of the annual fees.  Testimony by a 30(b)(6) would indeed provide Plaintiffs more specific information regarding the exact method of calculation of the use fee and give them a better idea of what a use fee might look like, but this additional information goes beyond what the Ordinance must provide on a constitutional basis.   Plaintiffs offer the testimony of their expert, William Fitzsimmons, a consultant who specializes in the analysis of economic issues related to telecommunications.   Mr. Fitzsimmons has this to say about the information produced by Defendant:

> . . . the information. . . is insufficient for Qwest or other Utilities to determine the Defendant's costs caused by their use of the public rights-of-way in Bernalillo County or the share of such costs caused by any of the Utilities.

Doc. 65-3 (Ex. 3) at 2.   Even assuming that Mr. Fitzsimmons qualifies as an expert under the federal rules, the offered testimony need not be considered at all.  Mr. Fitzsimmons' concern is that the Utilities cannot determine the *amount* of costs, which is not the appropriate focus for a vagueness challenge.

## CONCLUSION

In sum, based on the Court's previous findings and conclusion in its Memorandum Opinion and Order (Doc. 68) which rejected Plaintiffs' vagueness challenge to the Ordinance, the appropriate disposition at this point is to enter Judgment in Defendant's favor as to Count I.

Plaintiffs' arguments center on Defendant's failure to provide them with sufficient information in order for Plaintiffs' to be able to calculate a specific amount of a use fee.  However, it is premature to expect Defendant to provide Plaintiffs with exact information on an amount at this time, nor is this amount of information and detail constitutionally required.   As

the Court previously noted, Plaintiffs will have the opportunity to challenge the amount of any fees that are imposed by another process, entirely separate from the vagueness challenge that is presently before the Court. *See* Doc. 6 at 9, n.4.

The Court notes that Count II, which alleges that the ordinance is "effectively prohibitive" under §253(a), is the sole remaining claim pending in this case.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings on Count I of Plaintiffs' Second Amended Complaint **(Doc. 62)** is hereby GRANTED for the reasons stated in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE