IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
_____

NEW MEXICO GAS COMPANY,
PUBLIC SERVICE COMPANY OF NEW
MEXICO, and QWEST CORPORATION
d/b/a CENTURYLINK,

       Plaintiffs,

    v.                                                              Civil No. 14-00188 WJ-KBM

BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, NEW
MEXICO,

       Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT ON COUNT I OF THE AMENDED COMPLAINT**

THIS MATTER comes before the Court upon Defendant's Motion for Entry of Judgment on Count I of the Second Amended Complaint, filed on March 13, 2015 (**Doc. 85**). Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well taken and, therefore, is denied.

This lawsuit concerns an ordinance and resolutions adopted by Defendant Board of County Commissioners of Bernalillo County ("Defendant") which require utilities with facilities and equipment in the public right-of-way of the unincorporated areas of Bernalillo County to execute a Right-of-Way Use Agreement with the County and, as part of such agreement, to pay a right-of-way use fee to compensate the County for its reasonable actual expenses incurred in connection with granting the right-of-way. On December 31, 2014, the Court entered a Memorandum Opinion and Order granting Defendant's Motion for Judgment on the Pleadings as to Count I of Plaintiffs' Second Amended Complaint, which sought a declaration by the Court

that the County's Ordinance 2014-5 is unconstitutionally vague and violates due process. The Court found that the Ordinance was not unconstitutionally vague in the omission of standards or methodology by which the right-of-way fees would be determined, and granted Defendants Judgment on the pleadings on that claim. Doc. 81 at 6. There is one remaining claim in this lawsuit, which is Count II of the Second Amended Complaint is Count II. Count II is asserted only by Plaintiff CenturyLink and challenges the lawfulness of the Ordinance under Section 253 of the Federal Telecommunications Act, 47 U.S.C. § 253.

Defendant contends that because the Court has finally decided Count I, which is entirely separate from Count II, there is no just reason for delaying entry of judgment in favor of the County and against Plaintiffs on Count I. Rule 54(b) provides that when multiple claims or parties are involved in an action, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). When analyzing a Rule 54(b) motion, the court weighs the "policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co. v. Vaca Partners, L.P*., 425 F.3d 1263, 1265 (10th Cir.2005).

Plaintiff CenturyLink ("Plaintiff" hereinafter) opposes entry of a Rule 54(b) Judgment. At present, Defendant has retained a consultant to determine its costs for managing the public rights-of-way and a method for allocating those costs to the various users, including the Plaintiffs.[1] Because this ongoing case study has not yet been completed as was expected by March 2015, the Court has had to continue two status conferences. Docs. 74 and 88. There is a currently a status conference set for May 11, 2015. Doc. 89. The Court agrees that there is

---

[1] As part of its challenge to Plaintiffs' claim of vagueness as to the Ordinance, Defendant had stated that it had retained the services of a consultant to "further refine and develop [right-of-way] fee costs." Doc. 81 at 7.

sufficient just reason for delay which militates against entry of a final judgment for Count I. Entry of a final judgment that the Ordinance is not unconstitutionally vague on its face or as applied will require CenturyLink to pursue an appeal of the judgment. If the appeal is successful, or if the Tenth Circuit determined that the record was incomplete, the case would be remanded. A remand of Count I while the litigation of Count II is ongoing and is not yet ripe for appeal, is exactly the kind of piecemeal litigation that the Court wishes to avoid. All parties would be better served by waiting for Defendant's consultant to complete the cost study, and by completing litigation on Count II of the Second Amended Complaint before entering final judgment so that in the event either party wishes to appeal, a complete record is available.

      For the above stated reasons, Defendant's motion is DENIED.

      **SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE