IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO GAS COMPANY, PUBLIC
SERVICE COMPANY OF NEW MEXICO,
and QWEST CORPORATION d/b/a
CENTURYLINK,

    Plaintiff,

v.                                                                    No. 14-cv-00188-WJ-KBM

BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, NEW
MEXICO,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF CENTURYLINK'S MOTION FOR STAY PENDING RESOLUTION OF STATE COURT ACTION**

THIS MATTER is before the Court on Plaintiff Qwest Corporation d/b/a CenturyLink ("CenturyLink")'s Motion for Stay Pending Resolution of State Court Action (**Doc. 126**) filed on March 22, 2017. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's Motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND

CenturyLink was one of three utilities plaintiffs that initially filed this action against Defendant the Board of County Commissioners ("the County"), asserting multiple claims predominately under New Mexico law. The lawsuit seeks declaratory and injunctive relief and challenges the County's right-of-way ordinance ("Ordinance"), which requires the utilities to enter into right-of-way use agreements that the utilities claim are tantamount to franchise fees in exchange for occupying and using the public rights-of way. The lawsuit challenges the County's franchise fee requirement. The utilities each installed and maintained their respective

infrastructure in public rights-of-way within the County in order to serve their customers. The utilities claim that through the Ordinance, the County's franchise fee violates Section 253 of the Telecommunications Act of 1996, 47 U.S.C. § 253 ("Section 253") and New Mexico law, NMSA 1978, § 62-1-3, for the placement and maintenance of Facilities in the public rights-of-way.

This Court declined to exercise supplemental jurisdiction over the state law claims (Doc. 42). Plaintiffs subsequently reasserted those claims in the Second Judicial District Court of the State of New Mexico, *New Mexico Gas Co. et al. v. Bd. of Cnty. Comm'rs of Bernalillo Cnty.*, Case No. D-202-CV-2014-05194 ("State Court Action"), where they remain pending. The only claim currently before this Court is CenturyLink's claim under Section 253.

Plaintiffs in the State Court Action were recently unsuccessful in their effort to obtain summary judgment on their claim that Section 62-1-3[1] limits the County to recovering only very limited administrative fees incurred in the act of granting a franchise. Plaintiffs were also unsuccessful in attempting to persuade the New Mexico Court of Appeals to review the interlocutory decision denying the summary judgment motion. Most recently, the New Mexico Supreme Court denied Plaintiff's Petition for Writ of Certiorari to review the Court of Appeals' decision denying their application for interlocutory appeal. Plaintiff CenturyLink now asks the Court to stay this matter pending resolution of the State Court Action.

**LEGAL STANDARD**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[1] This New Mexico statute authorizes certain corporations and public utilities to use the public highways and streets for their pipes, poles, wires, towers, and cables, with certain limitations. The statute also authorizes boards of county commissioners and municipal authorities to grant franchises not to exceed 25 years to corporations for such purposes. The statute provides: "A board of commissioners is authorized to impose charges for reasonable actual expenses incurred in the granting of any franchise pursuant to this section." *See* NMSA 1978, § 62-1-3.

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A district court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "And '[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants.'" *Baca*, 806 F.3d at 1269–70 (quoting *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

"[W]here a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others. Thus, even when the relief sought is only a stay of the case in which the motion is made, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)) (emphasis omitted). "When applying for a stay, a party must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

## DISCUSSION

Plaintiff asks the Court to stay the Section 253 claim pending final resolution of the State Court Action to avoid the potential for multiple trials and conflicting decisions. Plaintiff states

that because the State Court Action will proceed on the six remaining claims[2]; which will include discovery, expert discovery on right-of-way management costs and other relevant issues, and likely a trial, it makes sense to stay this case because a decision in the State Court Action may alleviate the need for a trial in this case. More specifically, for the remaining claim in this case under Section 253, CenturyLink must show that the contemplated fee creates an effective prohibition under Section 253(a), and that the fee does not constitute fair and reasonable compensation under Section 253(c). *See Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258 (10th Cir. 2004). Plaintiff contends the discovery, testimony, proof, and trial on the second issue will largely duplicate the analysis in the State Court Action where the Plaintiffs will be challenging, among other things, whether the contemplated fee is limited to the "reasonable actual expenses incurred in the granting of" the franchise. NMSA 1978, § 62-1-3. Plaintiff points out that it makes the most sense to stay this case because it only involves one claim by one party, whereas the State Court Action involves three Plaintiffs asserting six claims that this Court has already found to predominate.

Defendant responds that a stay is not warranted because the challenge Plaintiff makes in the State Court Action under Section 62-1-3 is different from Plaintiff's Section 253 claim in this action. To prevail on its Section 253 preemption claim, CenturyLink must demonstrate that the Ordinance is prohibitive in effect, and does not satisfy Section 253(c)'s safe-harbor provision. *Qwest*, 380 F.3d at 1269. Section 253(c) saves from preemption regulations that are competitively neutral, non-discriminatory, and fair and reasonable. *Id.* at 1272. In contrast, in the State Court Action the dispute concerns the language in Section 62-1-3 that "[a] board of commissioners is authorized to impose charges for reasonable actual expenses incurred in the

---

[2] According to Plaintiff, the State Court Action will proceed because the New Mexico Supreme Court denied certiorari and did not determine whether Section 62-1-3 is limited to costs incurred in the granting of a franchise. *See* Doc. 130 (New Mexico Supreme Court denied the Petition for Writ of Certiorari on April 18, 2017).

4

granting of any franchise pursuant to this section." Defendant reiterates that the district court in the State Court Action rejected Plaintiff's position that Section 62-1-3 authorizes only administrative expenses incurred in granting the franchise. Thus, Defendant argues, Sections 253 and 62-1-3 do not contemplate the same analyses.

In the Reply, Plaintiff points out that it is not asking the Court to abstain under abstention doctrines, rather it is asking for a simple stay. Plaintiff argues it is not required to show, as with abstention, that the State Court Action involves similar parties and issues to the instant case. Plaintiff states it is not asking the Court to abstain, but is asking for a stay because Plaintiff is prepared to proceed with the Section 253 claim in the event the State Court Action does not obviate the need for the Section 253 claim. Plaintiff contends if it is determined in the State Court Action (where all three utilities remain as plaintiffs) that the Ordinance's fee is unlawful under state law, and that the County is therefore prohibited from enforcing the fee, CenturyLink's Section 253 claim will become moot because there will no longer be a controversy between the parties. There thus would be nothing further for this Court to consider.

The Court agrees with Defendant that Plaintiff has not shown a decision in the State Court Action will eliminate the need for Plaintiff to pursue its Section 253 claim. Although Plaintiff claims it is not asking the Court to abstain therefore the Court need not consider the similarity of the parties and issues, that is exactly what the Plaintiff is doing when it states that a decision in the State Court Action could obviate the need for the Section 253 claim to proceed in the present action. In other words, there is no showing that if the state court concludes that the Ordinance comports with Section 62-1-3, Plaintiff will not pursue its Section 253 claim. Moreover, as Defendant identifies, the Section 253 claim is fairly discrete and does not necessarily depend on the outcome of the State Court Action. The two cases involve entirely

different statutes; one being a state law provision and the other being an unrelated federal statute. Thus, the Court is not convinced that a decision in the State Court Action would entirely eliminate Plaintiff's Section 253 claim.

Critically, Plaintiff has not shown "a clear case of hardship or inequity" it will face if this matter proceeds. *Kreisler*, 563 F.3d at 1080. Plaintiff argues Defendant has not demonstrated the prejudice it will face if this matter is not stayed, however it is the *Plaintiff's* burden to establish it will suffer hardship or inequity *without* the stay. *See id.*; *See also Commodity Futures Trading*, 713 F.2d at 1484. Although the Court does enjoy discretion to manage its docket and to stay proceedings when appropriate, Plaintiff, as the party seeking the stay, must demonstrate some level of hardship it would face absent a stay. Plaintiff has not done so.

Finally, the Court sees no reason to delay this case even further. This lawsuit has been pending before the Court for over three years. Plaintiff acknowledges that the State Court Action will involve lengthy proceedings, and the Court is not convinced that it should further prolong this matter in light of the state proceedings. Plaintiff elected to bring this suit against the County, and the County has indicated it is ready to proceed in defending itself. Therefore, Plaintiff's Motion for Stay Pending Resolution of State Court Action (**Doc. 126**) is **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE