IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO GAS COMPANY,
PUBLIC SERVICE COMPANY OF
NEW MEXICO, and QWEST CORPORATION,
d/b/a CENTURYLINK,

       Plaintiffs,

  vs.                                                               No. 14-cv-00188 WJ/KBM

BOARD OF COUNTY COMMISSIONERS OF
BERNALILLO COUNTY, NEW MEXICO,

       Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF CENTURYLINK'S MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

THIS MATTER comes before the Court upon Plaintiff CenturyLink's Motion to Strike Board of County Commissioners' Response to CenturyLink's Notice of Supplemental Authority, filed October 11, 2018 **(Doc. 154)**.

Plaintiff seeks to strike Defendant's response to its notice of supplemental authority because it violates this Court's local rule in timeliness and in page limitation. *See* D.N.M.LR-Civ.7.8. Defendant concedes both errors, blaming it on an oversight in consulting the wrong local rule, which the Court finds a reasonable enough mistake to make. A reasonable oversight should have obliged counsel to discuss the matter and resolve it amicably and professionally, as follows: Plaintiff's counsel would take Defendant's counsel at his word regarding the reason for the late filing and other errors, and then allow counsel the time (without penalty) to withdraw the response and re-file it with the maximum number of words allowed by the rule (350); and defense counsel

would withdraw the pleading promptly and correct any word count errors. The Court—without being aware that any of this possible backroom drama had occurred—could then consider the notice of supplemental authority and its response by the opposing party when ruling on the pending motion for summary judgment (Doc. 142).

Instead, the Court is now called upon to do the following:

- determine the exact number of words in the submitted pleadings;[1]

- decide whether Plaintiff's "noon" deadline was too short a time to give Defendant in deciding to withdraw the response to supplemental authority;[2]

- consider whether defense counsel's oversight was in earnest or whether there was "some nefarious purpose" behind the excessive word count in the response; and

- Determine if either party is "playing games" (see Doc. 156 at 2)

A sample of the e-mail correspondence between the parties shows the tenor of the parties' efforts to resolve the word count/timeliness issues:

> "Rule 7.8 says the body of the filing must be 350 words. The body of our filing is 341 words. Again, if you think that is more than 350, feel free to argue."
>
> "And If you think October 10 is 7 days after Sept 27th, feel free to argue that to the court."

Doc. 155-1 at 1.

The Court assures counsel that it is sufficiently busy with other matters and would expect that attorneys who have the experience and skill to handle this type of case also possess the skills of civility and professional courtesy allowing them to resolve minor disputes such as these.

---

[1] When Plaintiff called out Defendant on the number of words in the response (1,247), the County then challenged the exact number of words in Plaintiff's notice of supplemental authority and asked for a copy of the notice in Word so that the words could be counted.

[2] Defendant claims that Plaintiff filed the motion to strike before the "noon" deadline Defendant was given to withdraw the response, but according to the e-mail correspondence attached the response to the motion to strike, Defendant appears to have ignored the request and suggest simply that both parties "withdraw the filings. . . ." Doc. 155-1 at 1.

**THEREFORE,**

**IT IS ORDERED** that the Court GRANTS Plaintiff CenturyLink's Motion to Strike Board of County Commissioners' Response to CenturyLink's Notice of Supplemental Authority **(Doc. 154)**;

**IT IS ALSO ORDERED** that the Court DENIES Plaintiff's Motion to Strike in that Defendant shall **re-file its response** to Plaintiff's Notice of Supplemental Authority within the word limitation of this Court's applicable local rule **within ten (10) days of the entry of this Order.**

_____
CHIEF UNITED STATES DISTRICT JUDGE